UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                          Criminal No. 15-cr-100-JD
                                             Opinion No. 2020 DNH 194
<u>Gordon Potter</u>

O R D E R

Gordon Potter moves to have his sentence reduced to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A), based on the combined effect of his medical conditions and the risks presented by the COVID-19 pandemic.[1]  The government objects to the requested relief.  United States Probation and Pretrial Services has filed a report and recommendation.

<u>Standard of Review</u>

A defendant may file a motion in court for a reduced sentence under § 3582(c)(1)(A) in certain circumstances.  The defendant must have "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or, thirty days must have passed since the warden at the defendant's facility received the defendant's

---

[1] Counsel was appointed to represent Potter, for purposes of seeking relief under § 3582(c)(1)(A), and counsel filed a motion on his behalf.

request without a response.  Id.  If a defendant has satisfied the administrative exhaustion requirement, the court may reduce a term of imprisonment based on a finding that "extraordinary and compelling reasons warrant such a reduction" and "after considering the factors provided in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  § 3582(c)(1)(A).  The statute also directs consideration of whether the requested "reduction is consistent with applicable policy statements issued by the Sentencing Commission."  § 3582(c)(1)(A).

The applicable policy statement is United States Sentencing Guidelines § 1B1.13.  That guidance provides that a defendant's term of imprisonment may be reduced if extraordinary and compelling reasons warrant the reduction or the defendant meets the age and time-served requirements and the defendant is not "a danger to the safety of any other person or to the community" and the reduction is consistent with the policy statement.  See United States v. Jones, 2020 WL 6205783, at *2 (D. Mass. Oct. 22, 2020). Application Note 1 to U.S.S.G. § 1B1.13 provides additional guidance as to when an extraordinary and compelling reason to reduce a defendant's sentence may exist.  Those reasons include medical conditions, age, family circumstances, and extraordinary and compelling reasons "other than, or in combination with, the reasons described."  BOP Program Statement 5050.50 also provides guidance as to when post-sentencing developments, medical

conditions, age, and family circumstances will support a motion for sentence reduction under § 3582(c)(1)(A).  Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)</u> (Jan. 17, 2019), www.bop.gov/policy/progstat/5050_050_EN.pdf.

## Background

Potter pleaded guilty to charges of possession of ammunition by a convicted felon, possession of firearms by a convicted felon, and having been an unlawful user of a controlled substance in possession of a firearm.  Those crimes occurred when Potter stole guns, a knife, and other items from a residence.  He was on parole from a state sentence at the time of those offenses.[2]  Potter was sentenced to four ninety-two-month periods of incarceration to be served concurrently, to be followed by three years of supervised release.

Potter has an extensive criminal record, beginning more than twenty years ago, that includes assault, burglary and theft, and forgery.

Potter is currently serving his sentence at United States Penitentiary McCreary ("USP McCreary") in Pine Knot, Kentucky. His projected release date is February 21, 2023.

---

[2] He was convicted of burglary in state court in 2004.  That crime involved entering an occupied home at night.

When Potter was interviewed in 2015 for purposes of the presentence investigation report, he denied any physical ailments but acknowledged a history of substance abuse. While incarcerated, Potter was diagnosed with Hepatitis C. He received treatment that has caused the disease to be in remission. He currently has a body mass index of 30. Although he has been treated for various other ailments, none implicate concerns about comorbidity with COVID-19.

The probation officer reports that Potter's PATTERN score is high. PATTERN stands for Prisoner Assessment Tool Targeting Estimated Risk and Needs, which is a risk assessment process that rates a prisoner's likelihood of reoffending. The possible scores are low, medium, and high. Therefore, Potter has been assessed to have a high risk of reoffending.

The probation officer also reports that Potter has a significant prison disciplinary record. He has had ten disciplinary reports since he began serving his sentence in January of 2016. Those reports include assault and assault with serious injury, possession of a dangerous weapon, and fighting.

## Discussion

Potter contends that he has an extraordinary and compelling reason for relief because his medical conditions put him at increased risk if he were to contract COVID-19 and argues that

4

the prison environment makes it more likely that he will be infected.³  The government opposes the motion on the grounds that Potter has not shown an extraordinary and compelling reason to reduce his sentence and the § 3553(a) sentencing factors do not support sentence reduction.  The probation report does not support Potter's motion.

### A. Administrative Exhaustion and Extraordinary and Compelling Reason to Reduce Sentence

The government does not dispute that Potter has exhausted administrative remedies as required under § 3582(c)(1)(A).  Therefore, that issue need not be addressed further.  The government does dispute that Potter has shown an extraordinary and compelling reason to reduce his sentence.

When a defendant has a medical condition or a combination of medical conditions that increase his risk of severe illness or death if he were to contract COVID-19 in prison, those circumstances may constitute an extraordinary and compelling reason to grant a motion for a reduced sentence. See, e.g., United States v. Crosby, 2020 WL 6291367, at *14 (D. Me. Oct. 27, 2020); United States v. Nelson, 2020 WL 6275232, at *3 (D.N.H. Oct. 26, 2020); United States v. Blake, 2020 WL 6129587,

---

³ Potter requested a hearing on his motions, but the court has determined that a hearing is not necessary.

at *3 (D.N.H. Oct. 19, 2020).  Potter contends that his medical conditions show that he is at increased risk if he contracted COVID-19 and in support alleges that he is obese, has Hepatitis C, has liver disease, and has a weakened immune system.  His medical records, however, do not support his allegations.

During his presentence investigation interview in 2015, Potter denied any chronic physical ailments.  His more recent medical records show that he was diagnosed with Hepatitis C, but the disease has been treated and is in remission.  Potter's body mass index is at most 30, which, under the CDC guidelines, does not put him at increased risk if he were to contract COVID-19.  Therefore, Potter has not shown that he has a medical condition which, in combination with the COVID-19 pandemic, would put him at increased risk.  As a result, he has not shown an extraordinary and compelling reason to reduce his sentence under § 3582(c)(1)(A).

 B. Sentencing Factors

Even if Potter were able to show an extraordinary and compelling reason in support of his motion, the sentencing factors under § 3553(a) weigh heavily against granting the motion.  Section 3553(a) states that the "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" provided in § 3553(a)(2), and lists factors

6

for determining an appropriate sentence.  The first two factors are particularly pertinent for purposes of this motion.[4]  The first factor directs the sentencing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  § 3553(a)(1).  The second factor focuses on the purposes of sentencing, including:

> the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

§ 3553(a)(2).

The court considered all of the § 3553(a) factors when Potter was sentenced to ninety-two months in prison in 2015, which was an appropriate sentence for his serious crimes.  The only intervening significant change is the COVID-19 pandemic, which does not support a reduced sentence in Potter's case.

Potter's criminal record and his history of substance abuse strongly caution against reducing his sentence.  Also of concern

---

[4] The third factor directs consideration of "the kinds of sentences available;" the fourth and fifth factors focus on the Sentencing Guidelines; the sixth factor addresses "the need to avoid unwarranted sentence disparities;" and the seventh factor directs courts to consider the defendant's restitution obligations.

is the fact that Potter was on parole when he committed the crime for which he was convicted.  In addition, Potter has amassed a significant disciplinary record while serving his sentence, and his PATTERN score shows that he has been assessed to have a high risk of reoffending.

In the absence of an extraordinary and compelling reason to reduce Potter's sentence that is compounded by the weight of the sentencing factors under § 3553(a), Potter's motion under § 3582(c)(1)(A) is denied.

## Conclusion

For the foregoing reasons, Potter's motion for a reduced sentence (document no. 27) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

November 3, 2020

cc: Counsel of record.